(No. 4630-)

FRANCIS HERMAN, FLORENCE DEMAIRE AND GENERAL EXCHANGE INSURACE CORPORATION, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 26, 1957.*

MANNS AND SHAW, Attorneys for Claimants.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FEARER, J.

Claimants, Francis Herman, Florence DeMaire and General Exchange Insurance Corporation, have filed an amended complaint, consisting of three counts, for personal injuries and property damage. The General Insurance Corporation is made a claimant for the reason that it paid the collision loss of Francis Herman in the sum of $955.84. The total damages to the automobile were in the sum of $1,005.84, and claimant, Francis Herman, paid the remaining $50.00.

On September 13, 1953, at or about the hour of 3:30 P.M., claimant, Francis Herman, was driving and operating his 1953 Chevrolet coupe in a southerly direction on U.S. Route No. 41 near the City of Waukegan, Lake

County, Illinois. His mother, Florence DeMaire, was riding with him at said time.

The road upon which he was traveling was a four-lane highway with a parkway running through the center, which provided two traffic lanes for northbound traffic, and two traffic lanes for southbound traffic. The visibility was good, and the pavement was dry. Claimant, Francis Herman, while driving approximately forty-five miles per hour, came upon a convoy of trucks of the Illinois National Guard. The last truck in the convoy was operated by Corporal Krieger, who was traveling in a southerly direction. The convoy was traveling approximately thirty-five to forty miles per hour. There was a posted speed limit in this area of forty-five miles per hour. The convoy and claimant were traveling in a southerly direction in the extreme westerly traffic lane provided for southbound traffic. Claimant pulled into the easterly southbound traffic lane to pass the truck driven by Corporal Krieger, and, just prior to completing the passing, his car was struck on the side by the truck, which caused it to turn over into the parkway.

Claimants, Francis Herman and Florence DeMaire, were injured, and Francis Herman also sustained property damage.

The only eye witness to the accident, other than the two claimants, was Martin B. McCarthy, who was traveling in a southerly direction about 150 feet north of claimant's automobile. He substantiated the testimony of the claimants as to the occurrence.

Corporal Krieger did not stop at the scene of the accident. His truck was seen some distance down the road, and there was paint, which had been scraped off of claimant's car, on the side of the truck, which indi-

cated that the truck had come in contact with claimant's car, and shoved it over into the parkway.

None of the witnesses saw Corporal Krieger give either a mechanical or hand signal, which would have indicated that he was turning from the westerly southbound traffic lane into the easterly southbound traffic lane.

From the testimony we are of the opinion that claimants were not guilty of contributory negligence, were making a proper passing of the last truck in the convoy, and that claimant, Francis Herman, was driving his automobile at a lawful rate of speed at said time.

Respondent offered only a Departmental Report of the Adjutant General, dated September 20, 1954. From the Report it is apparent that Corporal Krieger was acting within the scope of his authority, as he was returning with the truck from Camp Logan.

There is no question in our minds but what the truck driven by Corporal Krieger turned into the Chevrolet when the Chevrolet was attempting to lawfully pass this truck, and that the proximate cause of the personal injuries and property damage was the unlawful turn without a proper signal from one traffic lane to the other by Corporal Krieger.

The personal injuries of claimant, Francis Herman, were superficial. He only received slight cuts on his head and left hand. He did lose one week of work, and at the time he was employed by the Michigan Consolidated Gas Company of Detroit. His salary was $65.00 a week. It was necessary that he obtain other transportation while his car was being repaired, and the cost of this was $30.20. There is evidence that he lost a kodak camera, which was valued at $15.00.

Claimant, Florence DeMaire, testified that she received two broken ribs, lacerations and bruises to her right hand, right forearm, right elbow and right arm, and incurred medical expense in the amount of $45.00. Her clothing was damaged to the extent of $15.00, and two suitcases were damaged in the amount of $10.00. Her glasses, which cost $40.50, were broken. By reason of her personal injuries, she was obliged to expend $51.20 for household help to perform certain household duties, which she normally took care of herself. She testified that she was still suffering pain in her right hand. No doctor testified as to the nature and extent of her injuries. The 1953 Bel Air Chevrolet was repaired, and the fair and reasonable charge therefor was in the sum of $1,005.84. Because of the $50.00 deductible policy of Francis Herman, the Company paid the sum of $955.84. There is no evidence that the automobile of claimant, Francis Herman, was used in his business.

Commisioner Billy Jones heard this case, and recommended that an award be made to all three claimants. However, he found in his report that Mrs. Florence DeMaire was a woman, 66 years of age, who appeared to be in normal health, and the injuries received by her were not apparent. Furthermore, there was no medical testimony offered as to any permanent injury.

It is, therefore, the order of this Court that awards be made as follows:

To Francis Herman the sum of $130.00.

To Florence DeMaire the sum of $561.70.

To General Exchange Insurance Corporation the sum of $955.84.